JAMES E. PILLEY (*Pro Hac Vice*)
**LAW OFFICE OF JAMES E. PILLEY, APC**
8880 Rio San Diego Drive
Rio Vista Tower 8th Floor PMB #852
San Diego, CA 92108
Telephone: (619) 602-0076
Facsimile: (619) 272-0371
Email:*james@jpilley.com*

***Attorney for Defendant***
Educational Ventures LLC,
a Delaware limited liability company,
erroneously sued as a California limited liability company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grapevine Education, LLC, an Arizona limited liability company,<br><br>               Plaintiff,<br><br>vs.<br><br>Educational Ventures, LLC, a California limited liability company, dba ATA College,<br><br>               Defendant. | Case No.: 2:22-cv-00991-SMB<br><br>Honorable Susan M. Brnovich<br><br>**DEFENDANT EDUCATIONAL VENTURES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(2) & (b)(6)**<br><br>*[Concurrently filed with the Declaration of Herny Marentes in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction]* |

Defendant Educational Ventures, LLC dba ATA College ("Defendant" or "ATA") moves this Court under Federal Rules of Civil Procedure 12(b)(2) and (b)(6), for an Order dismissing the Complaint of Plaintiff Grapevine Education, LLC ("Plaintiff") or to transfer venue to the Southern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1631. The motion is made on the grounds that this Court lacks personal jurisdiction over ATA

and Grapevine has failed to state a claim under any of the causes of action alleged in the Complaint.

In support of its Motion, Defendant submits and relies upon the following Memorandum of Points and Authorities, the Declaration of Henry Marentes, Chief Executive Officer of ATA, all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

## CERTIFICATION

In accordance with LRCiv 12.1(c), ATA certifies that it met and conferred with Grapevine by telephone on June 10, 2022, at 10:25 am and by e-mail on June 21, 2022. Pursuant to the parties meet and confer, ATA inquired if Grapevine would amend its Complaint to cure the deficiencies raised by ATA, but Grapevine has declined in whole.

DATED this 28th day of June, 2022.

**LAW OFFICE OF JAMES E. PILLEY, APC**

By:*/s/ James E. Pilley*
JAMES E. PILLEY
Attorney for Defendant
Educational Ventures LLC

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................... 1

II.    FACTS ALLEGED BY PLAINTIFF ........................................................ 2

III.   FACTS DECLARED BY ATA's CEO .................................................... 2

IV.   LEGAL STANDARD ............................................................................. 3

V.    ARGUMENT .......................................................................................... 4

   A.   The Court Lacks Personal Jurisdiction Over ATA ............................... 4

   1.   The Court Lacks General Jurisdiction Over ATA ................................ 5

   2.   The Court Lacks Specific Jurisdiction Over ATA ............................... 5

    a.   ATA's Actions Were Not Purposefully Directed At Arizona ............... 6

    b.   ATA Does Not Have Forum-Related Activities In Arizona .................. 8

    c.   Exercising Jurisdiction Over ATA Is Not Reasonable ......................... 8

   B.   The Complaint Fails To State Any Claim Against Defendant ............ 10

   1.   Plaintiff's Fraud Claim Is Not Stated With Particularity ................... 10

   2.   Plaintiff's Breach Of Contract Claim Fails To Satisfy Notice-Pleading Standards ............................................................................................. 11

   3.   Plaintiff's Wage Claim Fails Because Grapevine Is Not ATA's Employee ....... 12

   4.   Plaintiff's Unjust Enrichment Claim Fails Because It Alleges An Adequate Remedy at Law ................................................................... 13

VI.   CONCLUSION ..................................................................................... 14

i

**Cases**

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004)...........................................................................4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .......................................................................................4

*Batton v. Tenn. Farmers Mut. Ins. Co.,*
    736 P.2d 2(Ariz. 1987) ...................................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................................4

*Boschetto v. Hansing,*
    539 F.3d 1011 (9th Cir. 2008)..........................................................................6

*Brayton Purcell LLP v. Recordon & Recordon,*
    575 F.3d 981 (9th Cir. 2009)...........................................................................5

*Brink v. First Credit Resources,*
    57 F.Supp.2d 848 (D.Ariz. 1999) ....................................................................8

*Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco Cty.,*
    137 S. Ct. 1773 (2017 ....................................................................................5

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) .......................................................................................6

*City of Sierra Vista v. Cochise Enters., Inc.,*
    144 Ariz. 375 (1984) ....................................................................................13

*Doe v. Am. Nat'l Red Cross,*
    112 F.3d 1048 (9th Cir. 1997).......................................................................4, 5

*Doe v. Unocal Corp.,*
    248 F.3d 91 (9th Cir. 2001).............................................................................4

ii

*Dylan Consulting Servs. LLC v. SingleCare Servs. LLC*,

   No. CV-16-02984-PHX-GMS, 2018 WL 1510440 (D. Ariz. Mar. 27, 2018)............ 11

*Franklin v. Gwinnett Cnty. Pub. Sch.*,

   503 U.S. 60 (1992) ..................................................................................... 13

*Freeman v. Sorchych*,

   226 Ariz. 242 (2011) .................................................................................. 13

*Gardiner v. Walmart Inc.*,

   No. 20-cv-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021)........................ 13

*Goodyear Dunlap Tires Operations S.A. v. Brown*,

   564 U.S. 915 (2011) ..................................................................................... 5

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*,

   784 F.2d 1392 (9th Cir. 1986) ...................................................................... 5

*Hannibal-Fisher v. Grand Canyon Univ.*,

   523 F. Supp. 3d 1087 (D. Ariz. 2021)............................................................ 11

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*,

   328 F.3d 1122 (9th Cir. 2003) ...................................................................... 9

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,

   328 F.3d 1122 (9th Cir. 2003) ...................................................................... 6

*In re Macbook Keyboard Litig.*,

   No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .................... 14

*Int'l Shoe Co. v. Wash.*,

   326 U.S. 310 (1945) ..................................................................................... 5

*Loo v. Toyota Motor Sales, USA, Inc.*,

   No. 8:19-cv-00750-VAP(ADSx), 2019 WL 7753448 (C.D. Cal. Dec. 20, 2019)....... 13

*Mattel, Inc. v. Greiner and Hausser GmbH*,

   354 F.3d 857 (9th Cir. 2003) ........................................................................ 9

iii

*Morrill v. Scott Financial Corp.*,
  973 F.3d 1136 (9th Cir. 2017) ............................................................. 7

*Nielson v. Flashberg*,
  101 Ariz. 335 (1966) ......................................................................... 10

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) .............................................................. 10

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ............................................................. 6

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ............................................................. 6

*Rhynes v. Stryker Corp.*,
  No. 10-5619 SC, 2011 WL 21490954 (N.D. Cal. May 31, 2011) ............................... 13

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ........................................................... 3, 6

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) .............................................................. 4

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ............................................................. 3

*SKAPA Holdings LLC v. Seitz*,
  No. CV-20-00611-PHX-DJH, 2021 WL 672091 (D. Ariz. Jan. 21, 2021), aff'd, No.
  21-15298, 2022 WL 94716 (9th Cir. Jan. 10, 2022) .......................................... 6

*Terracom v. Valley Natl. Bank*,
  49 F.3d 555 (9th Cir.1995) ................................................................ 8

*Ticketmaster-New York, Inc. v. Alioto*,
  26 F.3d 201 (1st Cir. 1994) ............................................................... 9

*Trollope v. Koerner*,
  106 Ariz. 10 (1970) ...................................................................... 11

iv

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) .................................................. 11

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) .................................... 7

**Statutes**

28 U.S.C. § 1404(a) ................................................................ 10

28 U.S.C. § 1631 ................................................................... 10

A.R.S. § 23-350 ................................................................... 12

A.R.S. § 23-350(2) ................................................................ 12

A.R.S. § 23-350(3) ................................................................ 12

A.R.S. § 23-355(A) ................................................................ 12

**Rules**

Ariz. R. Civ. P. 4.2(a) .............................................................. 4

Fed. R. Civ. P. 9(b) ............................................................... 10

Fed. R. Civ. P. 12(b)(2) ............................................................. 3

Fed. R. Civ. P. 12(b)(6) ............................................................. 4

*Grapevine Education, LLC v. Educational Ventures LLC*, No. 2:22-cv-00991-SMB
DEFENDANT'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Grapevine brings the instant suit against ATA who operates a private vocational school in El Cajon, California for allegedly failing to pay Grapevine for its performance of various administrative and marketing services for ATA.

Grapevine's complaint ("Complaint," Docket No. 1-3, Exhibit "A") is fatally flawed because ATA is not subject to the personal jurisdiction of this Court and the Complaint fails to adequately allege a single cause of action against ATA.

First, ATA is not subject to the personal jurisdiction of this Court because (1) the parties' alleged contract is insufficient to establish the minimum contacts required for conferring personal jurisdiction; (2) ATA did not purposefully avail itself of the privilege of conducting activities in Arizona; (3) the only connection between this case and Arizona is that Arizona is where Grapevine is located, which falls short of the substantial connection requirement; and (4) the exercise of jurisdiction over ATA violates Due Process.

Accordingly, for the reasons discussed herein, this Court should dismiss Grapevine's Complaint against ATA or, in the alternative, transfer the instant action to the Southern District of California where ATA is located and personal jurisdiction over each party is proper.

In addition to this Court's lack of personal jurisdiction over ATA, the allegations in Grapevine's Complaint are woefully deficient. Grapevine's breach of contract cause of action fails to plead any of the material terms of the parties' alleged agreement including whether the contract is oral or written. Grapevine's fraud cause of action fails to satisfy Rule 9(b)'s specificity pleading requirement to properly plead fraud against a corporate defendant. Grapevine's cause of action for unpaid wages fails as a matter of law because Grapevine is not an employee as that term is defined under the relevant statute. Grapevine's last cause of action for unjust enrichment also fails because Grapevine cannot convincingly allege that it has no other remedy at law. As such, Grapevine fails to state claim upon which

relief can be granted and this Court should act to dismiss its Complaint without leave to amend.

## II. <u>FACTS ALLEGED BY PLAINTIFF</u>

This case arises from an alleged February 2020 agreement between the parties. (*See* Complaint at ¶¶7-8.) Grapevine claims that ATA reached out to Grapevine in Arizona and sought Grapevine's services to assist in ATA's operations as an educational institution. (*Id.* at ¶7.) Next, Grapevine avers that the parties' discussions continued resulting in an agreement being established in Arizona. (*Id.* at ¶8.) Grapevine does not include any allegations about where these alleged discussions took place or by what method. The Complaint is silent as to whether the agreement was oral or written, and Grapevine fails to allege any of the material terms, like the scope, length, or amount of payment, nor does it attach a copy of the alleged agreement to its Complaint.

Grapevine avers that Grapevine agreed to provide ATA with various administrative and marketing services and later expanded to include oversight of most of ATA's operations. (Complaint at ¶8.) Grapevine further avers that ATA was aware that Grapevine was an Arizona limited liability company and that Grapevine's services, including the staff that Grapevine would implement to assist Grapevine, would be provided from Grapevine's principal place of business, located within Maricopa County, Arizona. (*Id.* at ¶9.) Grapevine claims it subsequently provided services to ATA but, at some point, ATA stopped paying Grapevine for the services it provided resulting in a breach of the parties' agreement. (*Id.* at ¶10-13.)

## III. <u>FACTS DECLARED BY ATA'S CEO</u>

ATA operates a private vocational college in El Cajon, California. (Declaration of Henry Marentes ("Marentes Decl."), ¶5.)

ATA denies Grapevine's contention that ATA reached out to Grapevine in Arizona. (See Marentes Decl., ¶¶8-11.) ATA's managers, members, and officers never reached out to Grapevine Education, LLC seeking its services to assist ATA's operations as an

2

educational institution. (Marentes Decl., ¶9.) Instead, Grapevine Education, LLC's Chief Executive Officer, Dino Meyer, first propositioned ATA regarding its educational marketing services. (*Id.*)

On or around November 2, 2019, Mr. Meyer and his three associates traveled to El Cajon, California to meet with ATA's Chief Executive Officer, Henry Marentes, and visit ATA's campus. (*Id*. at ¶10.) Mr. Meyer initially made an offer to purchase ATA on behalf of a company that was not Grapevine Education, LLC, but ATA rejected the purchase offer. (*Id.* ¶¶10-11.)

After ATA rejected the purchase offer, on or about December 11, 2019, Mr. Meyer sent Mr. Marentes an e-mail pitching his company Chatdrive, a live chat service technology for educational marketing. (*Id.* at ¶11.) After further telephone and e-mail discussions between Mr. Marenetes and Mr. Meyer about his experience in admissions and educational marketing, ATA extended Mr. Meyer a job offer to work in ATA's admissions department in El Cajon, California. (*Id.*) Mr. Meyer declined the job offer, instead offering his services as an outside admissions and marketing consultant. (*Id.*) Subsequently, Mr. Meyer formed Grapevine Education, LLC for tax purposes. (*Id.*)

As a small vocational college, ATA's marketing is directed at potential students in Southern California and does not directly market to potential students in Arizona. (*Id*. at ¶7.) ATA does not, and has never done, any business in Arizona. (*Id.* at ¶6.) ATA's managers, members, and officers have never travelled to Arizona to conduct business on behalf of ATA or negotiate contracts of any kind. (*Id.* at ¶8.)

## IV.  **LEGAL STANDARD**

A complaint should be dismissed when the Court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2).  Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

Either party may present sworn affidavits and declarations in addition to the pleadings for the court's consideration in determining whether it has personal jurisdiction over the defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (court may consider evidence presented in affidavits and declaration in determining personal jurisdiction).

A complaint should also be dismissed when the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## V.  ARGUMENT

### A.  The Court Lacks Personal Jurisdiction Over ATA

For the reasons stated herein, this Court lacks both general and specific jurisdiction over ATA and the Complaint must be dismissed.

To exercise personal jurisdiction over a nonresident defendant, the Court must determine whether the forum state has an applicable long-arm statute, and whether the assertion of personal jurisdiction comports with the constitutional requirements of due process. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's long-arm statute "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987)); *see also* Ariz. R. Civ. P. 4.2(a). Due process requires defendants have "minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and

4

substantial justice." *Am. Nat'l Red Cross*, 112 F.3d at 1050 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

If a defendant's activities in a state are " 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the cause of action is unrelated to those activities." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986) (internal citations omitted). Specific jurisdiction may be exercised if: (1) the defendant purposefully directs his activities to the forum or a resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

## 1. The Court Lacks General Jurisdiction Over ATA

The Supreme court has made clear that general jurisdiction exists only where a defendant is a citizen. *Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.") (citing *Goodyear Dunlap Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011).)   It is undisputed that ATA is not a citizen of Arizona.  (Complaint ¶ 2; see also Marentes Decl., ¶¶4-5.) ATA is a Delaware limited liability company whose principal place of business is in El Cajon, California. (Marentes Decl., ¶4.). Therefore, this Court lacks general jurisdiction over ATA because ATA's home state is California.

## 2. The Court Lacks Specific Jurisdiction Over ATA

Under the first prong of the specific jurisdiction test, Plaintiff must show that ATA "either (1) 'purposefully availed' [itself] of the privilege of conducting activities in the forum, or (2) 'purposefully directed' [its] activities toward the forum." *Pebble Beach Co.*

5

*v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802). This prong presents two distinct standards, with each to be applied under different circumstances. *Schwarzenegger*, 374 F.3d at 802; *see Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Circ. 1995) (explaining that courts apply the first prong differently to contract cases versus tort cases). In this Circuit, "[a] purposeful availment analysis is most often used in suits sounding in contract," *Schwarzenegger*, 374 F.3d at 802. The instant suit sounds in contract so the purposeful availment analysis is the proper analysis to determine this Court's specific jurisdiction over ATA.

### a.   ATA's Actions Were Not Purposefully Directed At Arizona

"The purposeful availment analysis in breach of contract cases requires a 'qualitative evaluation of the defendant's contact with the forum state.' *SKAPA Holdings LLC v. Seitz*, No. CV-20-00611-PHX-DJH, 2021 WL 672091, at *4 (D. Ariz. Jan. 21, 2021), aff'd, No. 21-15298, 2022 WL 94716 (9th Cir. Jan. 10, 2022) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003)). "'As the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum.'" *Id.* (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008)). "Rather, there must be 'actions by the defendant himself that create a 'substantial connection' with the forum State.'" *Id.* (citing *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "In determining whether such contacts exist, courts are to consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Id.* (citing *Burger King*, 471 U.S. at 479.). "'Merely random, fortuitous, or attenuated contacts are not sufficient.'" *Id.* (citing *Burger King*, 471 U.S. at 479 (internal quotation marks omitted)).

Here, Grapevine alleges that Defendant reached out to Plaintiff in Arizona and sought Plaintiff's services to assist Defendant's operations as an educational institution.

(Complaint at ¶7.) Plaintiff further avers that "[d]iscussions continued regarding Plaintiff providing Defendant with services, which resulted in an agreement being established in Arizona wherein Plaintiff would provide Defendant with various administrative and marketing services. . ." (*Id.* at ¶8.) Performance of the contract is not linked to Arizona because the various administrative and marketing services that Grapevine alleges to have performed were for the benefit of ATA's California college. (*See* Marentes Decl., ¶¶7, 11.) Any benefits from the parties alleged agreement and the future consequence are in relation to the promotion of enrollments in a California vocational college. California, not Arizona, has a substantial connection to the parties alleged agreement. Plaintiff has not and cannot allege that ATA conducted any activities within Arizona beyond the alleged formation of a contract with an entity that happens to be located in Arizona. ATA's principals never travelled to Arizona for negotiations or to further the goals of any purported agreement. (See Marentes Decl., ¶¶8-9.) Grapevine does not allege that a written contract designates Arizona as the choice of law or the forum for disputes, nor could it because such an agreement does not exist. ATA has no purposeful connection to Arizona other than the random and attenuated circumstances that Grapevine is an Arizona company. ATA's relationship with an Arizona company was not by design. The fact that Grapevine is an Arizona company does not allow it to better provide the alleged services to ATA.

ATA must have sufficient contacts with Arizona itself, not just Grapevine. *See Morrill v. Scott Financial Corp.*, 973 F.3d 1136 (9th Cir. 2017). The contract alone cannot automatically establish minimum contact in Arizona. ATA's conduct and connection with Arizona are not such that it should reasonably anticipate being haled into court there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Complaint does not plead that ATA engaged in any other substantial transactions or activities in Arizona, nor does it establish any other activities to suggest a substantial connection between ATA and Arizona. Nor can it in good faith, making any amendment to cure this deficiency futile. (*See* Marentes Declaration, generally.) Therefore,

*Grapevine Education, LLC v. Educational Ventures LLC*, No. 2:22-cv-00991-SMB
DEFENDANT'S MOTION TO DISMISS

this Court lacks specific personal jurisdiction over ATA because ATA has not purposefully availed itself of the privilege of conducting activities in Arizona.

### b. ATA Does Not Have Forum-Related Activities In Arizona

The Ninth Circuit applies a "but for" test when determining whether a plaintiff's claims arises out of a defendant's forum related activities. *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 861 (D.Ariz. 1999) (citations omitted). "The 'arising out of' requirement of the specific jurisdiction test is met if, 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Id.*, *citing Terracom v. Valley Natl. Bank*, 49 F.3d 555 (9th Cir.1995). Here, the but for test is not met because Grapevine's claims arise from ATA's purported non-payment of sums owed to Grapevine for Grapevine's marketing and operation of ATA's California college.[1] (*See* Complaint at ¶¶8, 12.) There is not a clear relationship between ATA entering into an agreement with Grapevine in Arizona and its alleged failure to pay Grapevines' invoices. ATA's alleged failure to pay Grapevine for its services has nothing to do with Grapevine being an Arizona company or performing the services in Arizona. Therefore, Grapevine's claims do not arise out of forum-related activities and Grapevine's Complaint should be dismissed because this Court lacks specific personal jurisdiction over ATA.

### c. Exercising Jurisdiction Over ATA Is Not Reasonable

The Ninth Circuit considers the following seven factors to determine whether specific personal jurisdiction over a defendant is reasonable:

> 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial

---

[1] The "but for" statement is *non sequitur*: but for ATA contracting with Grapevine, an Arizona limited liability company, ATA would have paid Grapevine for its services.

resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

No one factor is dispositive, rather the court balances all seven. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 867 (9th Cir. 2003) (citing *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003)). The weaker the plaintiff's showing of purposeful availment and relatedness to forum-related acts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction; and vice versa. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

Here, conferring jurisdiction over ATA is unreasonable. As discussed above, ATA's purposeful interjection into Arizona is feeble at best. ATA had no reason to anticipate that its contacts with Grapevine would lead to it being haled into court in Arizona. (*Id.* at ¶¶6-9, 12.) Thus, the burden on ATA, a small business, is great due to the increased expense of litigating outside of its home state of California. (Marentes Decl., ¶13.) The conflicts of law between the forum and Arizona and California are not substantial but the weight of the other factors tip in the direction of ATA. Arizona's interest in adjudicating the action should be minimal because as discussed above, the benefits from the parties alleged agreement are to promote enrollment in a California vocational college. It is California, not Arizona, has a substantial connection to the parties alleged agreement. Accordingly, the most efficient judicial resolution of the dispute is in the Southern District of California, the District where Defendant is located. Similarly, the Southern District of California is a suitable and adequate forum to resolve the parties' dispute. Grapevine's interest in effective relief is in no way diminished by litigating in the Southern District of California. Therefore, when balancing all seven factors, in light of the lack of ATA's purposeful availment in Arizona, it is unreasonable for this Court to exercise personal jurisdiction of ATA and Grapevine's Complaint should be dismissed.

Alternatively, if this Court does not want to dismiss Grapevine's action, it should transfer this action to the Southern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1631.

**B.**     <u>The Complaint Fails To State Any Claim Against Defendant</u>

    **1.**     **Plaintiff's Fraud Claim Is Not Stated with Particularity**

A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury. *Nielson v. Flashberg*, 101 Ariz. 335, 339 (1966).

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement for claims of fraud. Specifically, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A party must set forth "the time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)(citation omitted).

Here, Grapevine's Complaint alleges that "[i]n entering into the Agreement, Defendant represented to Plaintiff that it would act in good faith and use its best efforts to timely perform under the Agreement, including paying Plaintiff all sums due for Plaintiff's Services. . . ." (Complaint at ¶16.) Grapevine further alleges that "Defendant knew that such Representations were false as Defendant, upon information and belief, intended to pay Plaintiff whatever it wanted and whenever it wanted." (*Id.* at ¶17.) Grapevine avers that "Defendant intended that Plaintiff rely on the Representation, which Plaintiff reasonably did" and as a direct and proximate result Grapevine sustained damages. (*Id.* at ¶18-19.)

At the outset, Grapevine's fraud cause of action is highly implausible on its face. The thrust of Grapevine's allegations illustrate a breach of contract resulting from an alleged failure to pay sums due. "A breach of contract is not fraud." *Trollope v. Koerner*, 106 Ariz. 10, 19 (1970).

Nevertheless, Grapevine's allegations do not meet requirements for pleading fraud against a corporate defendant or the heightened pleading standards of Rule 9(b). Grapevine's complaint does not specifically identify the name of the person at ATA that made the allegedly fraudulent representation, their authority to speak, or if the misrepresentation was spoken or written. Grapevine also does not provide specifics on where the representation was made, only that it was made "[i]n entering into the Agreement." (*See* Complaint at ¶16.) Moreover, Grapevine's allegations regarding ATA's knowledge of the falsity, ATA's intent, Grapevine's reliance on the fraudulent representation, and Grapevine's consequent and proximate injury are all just formulaic recitations of the elements of a cause of action for fraud.  Grapevine does not plead facts sufficient to show the who, what, when, where, and how ATA made the alleged misrepresentation sufficient to meet the high standards of a fraud cause of action. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Therefore, Grapevine's fraud cause of action fails as a matter of law and must be dismissed with prejudice.

## 2. Plaintiff's Breach Of Contract Claim Fails To Satisfy Notice-Pleading Standards

To state a cause of action for breach of contract, Grapevine must plead facts alleging "(1) a contract exists between the plaintiff and defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to plaintiff." *Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1093 (D. Ariz. 2021)(citing *Dylan Consulting Servs. LLC v. SingleCare Servs. LLC*, No. CV-16-02984-PHX-GMS, 2018 WL 1510440, at *2 (D. Ariz. Mar. 27, 2018)).

Here, Grapevine does not sufficiently alleged that a valid contract exist between the plaintiff and defendant. Grapevine fails to attach a copy of the contract to its Complaint. Grapevine also fails to allege whether the contract between the parties was written or oral. Grapevine simply alleges that "Defendant initially paid Plaintiff's invoices, but thereafter discontinued remitting payments for the Services that Plaintiff provided to Defendant." (Complaint at ¶ 11.) Grapevine does not attach any of the unpaid invoices that it allegedly sent ATA nor does it allege the amount of the alleged invoices. Grapevine further fails to allege rate or amount that ATA agreed to pay Grapevine for its services. Grapevine has failed to allege the substance of many of the relevant terms of the alleged contract leaving ATA and this Court to guess about the nature and substance of the alleged contract. Grapevine has failed to meet the notice-pleading standards of Rule 8 of the Federal Rules of Civil Procedure and its breach of contract claim must be dismissed.

### 3. Plaintiff's Wage Claim Fails Because Grapevine Is Not ATA's Employee

Under the Arizona Wage Statute, "if an employer ... fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). In this context, "employee" refers to "any ***person*** who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2), emphasis added.

Here, Grapevine's wage claim under the Arizona Wage Statute fails as a matter of law because Grapevine is not a person but an Arizona limited liability company. Under A.R.S. § 23-350, the definition of employee requires that the employee be a "person" who performs services for an employer. A.R.S. § 23-350(2). An Arizona limited liability company is not a person but a corporate entity for purposes of the Arizona Wage Statute.

Notably, A.R.S. § 23-350 defines "Employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the

estate of a deceased individual or the receiver, trustee or successor of any such person employing *any person*." A.R.S. § 23-350(3), emphasis added. The legislature broad definition for an employer and limited definition of person further indicates that the legislature did not intend for corporate entities such as Grapevine to be included in the definition of employee for the purposes of the Arizona Wage Statute. Because Grapevine is not an employee of ATA, its unpaid wage claim fails as a matter of law. Accordingly, the problem with this claim is uncurable and should be dismissed with prejudice.

### 4. Plaintiff's Unjust Enrichment Claim Fails Because It Alleges An Adequate Remedy at Law

A claim of unjust enrichment under Arizona law has five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Freeman v. Sorchych*, 226 Ariz. 242, 251 (2011) (citing *City of Sierra Vista v. Cochise Enters., Inc.*, 144 Ariz. 375, 381–82 (1984)).

A claim for equitable relief is proper only where a plaintiff lacks an adequate legal remedy. *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992). Here, Grapevine pleads that a legal remedy - - monetary damages - - is available if it prevails. (Complaint at ¶ 14.) Grapevine has not pleaded facts suggesting the contract may be unenforceable or invalid. Consequently, this requires dismissal of Grapevine's claim for unjust enrichment. *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) (rejecting argument that plaintiffs would have "no adequate remedy at law if their other claims fail" because "equitable relief is unavailable" where the claims pleaded may entitle them to a legal remedy).

Further, because Plaintiff's "legal and equitable claims [are] based on the same factual predicates," the problem with its equitable claim is incurable, and the claims should be dismissed with prejudice. *Loo v. Toyota Motor Sales, USA, Inc.*, No. 8:19-cv-00750-

VAP(ADSx), 2019 WL 7753448, at *13–14 (C.D. Cal. Dec. 20, 2019); *Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 WL 2520103, at *7 (N.D. Cal. Mar. 5, 2021); *In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *3–4 (N.D. Cal. Oct. 13, 2020).

## VI.  CONCLUSION

For the foregoing reasons, ATA respectfully requests that this Court grant its instant motion to dismiss Grapevine's Complaint because this Court lacks personal jurisdiction over ATA and the Complaint fails to state any claim upon which relief can be granted. However, if this Court is not persuaded that the Complaint should be dismissed, ATA respectfully requests that this Court transfer the instant action to the Southern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1631.

DATED this 28th day of June, 2022.

### LAW OFFICE OF JAMES E. PILLEY, APC

By:*/s/ James E. Pilley*_____
JAMES E. PILLEY
Attorney for Defendant
Educational Ventures LLC

*Grapevine Education, LLC v. Educational Ventures LLC*, No.  2:22-cv-00991-SMB
DEFENDANT'S MOTION TO DISMISS