1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grapevine Education LLC, | No. CV-22-00991-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Educational Ventures LLC, | |
| Defendant. | |

Pending before the Court is Defendant Educational Ventures, LLC's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and For Failure to State a Claim Pursuant to Rule 12(b)(2) & (b)(6) (Doc. 13). Plaintiff has filed a response (Doc. 18) and Defendant a reply (Doc. 19).

## I.    BACKGROUND

Plaintiff Grapevine Education, LLC ("Grapevine") is an Arizona Limited Liability Company and Defendant Educational Ventures, LLC dba ATA College ("ATA") operates a private vocational school in El Cajon, California. Grapevine alleges that ATA reached out to Grapevine in Arizona to assist with their operations. Grapevine further alleges that at some point an agreement was reached to provide administrative and marketing services for ATA. Grapevine alleges that ATA paid for Grapevine services initially but then stopped paying. As a result, Grapevine filed this suit for Breach of Contract, Fraud, Violation of A.R.S. § 23-355, and Unjust Enrichment.

## II.    LEGAL STANDARDS

Prior to trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2).   Plaintiffs bear the burden of establishing personal jurisdiction.  *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).   Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).    In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018).  Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution."  Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law).  Therefore, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citations and internal quotations omitted).  A court may assert general or specific jurisdiction over the nonresident defendant.  *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997).  General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy

1    arises from or is related to the defendant's contact with the forum state. *See Helicopteros*

2    *Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). The standard to establish

3    general jurisdiction is an "exacting" one, as the defendant's contacts must be such that they

4    "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801.

5        "The inquiry whether a forum State may assert specific jurisdiction over a

6    nonresident defendant focuses on the relationship among the defendant, the forum, and the

7    litigation." *Walden*, 571 U.S. at 283–84 (citations and internal quotations omitted). The

8    court "employ[s] a three-part test to assess whether a defendant has sufficient contacts with

9    the forum state to be subject to specific personal jurisdiction:

10
11           (1) The non-resident defendant must purposefully direct his activities or
             consummate some transaction with the forum or resident thereof; or perform
12           some act by which he purposefully avails himself of the privilege of
             conducting activities in the forum, thereby invoking the benefits and
13           protections of its laws;
14           (2) the claim must be one which arises out of or relates to the defendant's
             forum-related activities; and
15           (3) the exercise of jurisdiction must comport with fair play and substantial
             justice, i.e. it must be reasonable.
16
17    *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff bears the

18    burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If

19    the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to

20    'present a compelling case' that the exercise of jurisdiction would not be reasonable."

21    *Id.* "A purposeful availment analysis is most often used in suits sounding in contract," while

22    a purposeful direction analysis "is most often used in suits sounding in tort." *Id.*; *see also*

23    *Brown v. Reese*, No. CV12-2003 PHX DGC, 2013 WL 525354, at *4 (D. Ariz. Feb. 11,

24    2013) ("[T]he Ninth Circuit has held that a district court should apply different

25    jurisdictional tests to contract and tort cases.").

26        When examining the sufficiency of a Defendant's contacts with the forum, courts

27    must look to "those contacts leading up to and surrounding the accrual of the cause of

28    action. Later events are not considered." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 849

     (2020) (quoting 16 Moore's Federal Practice - Civil § 108.42[2][a], at 108-55 to 108-56

(3d ed. 2011)); *see also, Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) ("the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred.").

## III.    DISCUSSION

### A. PERSONAL JURISDICTION

ATA argues that the case should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Defendant makes no argument for general jurisdiction, but instead argues that specific jurisdiction exists.  Nevertheless, it is clear from the pleadings that general jurisdiction does not exist because ATA is a Delaware limited liability company with its principal place of business in El Cajon, California.

Under the first prong of the specific jurisdiction test, Plaintiff must show that Deaconess "either (1) 'purposefully availed' [itself] of the privilege of conducting activities in the forum, or (2) 'purposefully directed' [its] activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802).  This prong presents two distinct standards, with each to be applied under different circumstances.  *See Schwarzenegger*, 374 F.3d at 802; *see also Ziegler*, 64 F.3d at 473 (explaining that courts apply the first prong differently to contract cases versus tort cases). In this Circuit, "[a] purposeful availment analysis is most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802.

Purposeful availment requires the defendant to "purposefully avail[ ] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). That a non-resident defendant has a contract with a resident of the forum state does not suffice on its own to confer personal jurisdiction.  *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (same). In contract cases, specific jurisdiction hinges on considerations such as: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4)

the parties' course of dealing.  *Gray*, 913 F.2d at 760 (citing *Burger King*, 471 U.S. at 479).

Here, Grapevine argues that ATA has purposely availed itself of doing business in Arizona by working with Grapevine for nearly 18 months to promote ATA in California, and by paying Grapevine through direct pay to Arizona banks.  Grapevine also contends that during the course of working together, ATA employees worked collaboratively with Grapevine employees on a regular basis through zoom meetings and collaboration calls.  However, the response contains absolutely no legal authority for any of their arguments, despite the fact that Grapevine has the burden to show jurisdiction exists.  It is unclear from the declaration—and the response does not discuss—who hired the "Arizona Team."  It would be significant if the people working in Arizona were employees of ATA, but not so significant if they are employees of Grapevine.  It's also unclear if members of the "Arizona Team" had other consulting clients, or if they solely worked to support ATA.

On the other hand, ATA makes compelling arguments, supported by caselaw, to defeat jurisdiction.  First, "[a]s the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).  Phone communication, payment sent to Arizona, email, and zoom communications are generally not enough.  *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (explaining that, in the Ninth Circuit, "ordinarily 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" (quoting *Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980)))).  ATA relies on a decision from this Court in *Dinan & Co. LLC v. Deaconess Ass'ns Inc.*, No. CV-21-01807-PHX-SMB, 2022 WL 375852, at *4 (D. Ariz. Feb. 8, 2022).  In that case, the Court found no purposeful availment based solely on allegations of an ongoing and long-term relationship, plaintiff's location in Arizona where it's work was done, a 'high volume' of phone calls and emails between the parties, payment sent to Arizona, and a single in-person meeting in Arizona. *Id.*  The Court agrees that *Dinan* is similar, however, the working relationship between

Grapevine and ATA is much more significant that in *Dinan*.  Taking Plaintiff's allegations as true, Grapevine and its employees provided back-end IT reporting for admissions/marketing, SEO, content management, program marketing, and digital marketing.  (Doc. 18-1 at 4.)  Grapevine alleges it oversaw the entire ATA operation for academics, finance, compliance, operations, admissions, and marketing.  Therefore, it appears that ATA outsourced much of its work to Arizona and purposely availed itself of the benefit of conducting business in Arizona.

Under the second prong of the specific jurisdiction test, Plaintiff must show that the claims arise out of or relate to the defendant's forum related activities.  ATA argues that the claims arise from ATA's purported non-payment of money owed to Grapevine.  ATA argues that there is no clear relationship between the alleged failure to pay, and that Grapevine has nothing to do with the services being performed in Arizona.  The Court will not guess as to what supports this finding.  Grapevine does not even discuss this prong in its response.  Absent some argument to the contrary, the Court cannot find that Grapevine has met its burden on the second prong.  Because Plaintiff has failed to meet its burden on both prongs, the Court finds that it does not have personal jurisdiction over ATA.

## B.  FAILURE TO STATE A CLAIM

The Court will not conduct the analysis on Defendant's failure to state a claim arguments because it does not have personal jurisdiction over ATA.  This part of the motion will be denied without prejudice to being raised in a court that does have jurisdiction.

## C.  DISMISSAL OR TRANSFER

ATA suggests that if the Court does not agree, the Complaint should be dismissed and transferred to the Southern District of California.  Additionally, 28 U.S.C. § 1631 provides that, if a district court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . .  in which the action or appeal could have been brought at the time it was filed."  Here, the Court finds that (1) it lacks jurisdiction; (2) that the case could have been brought in the Southern District of California; and  (3) it is in the interest of justice to transfer this case because the

claims seem to have merit, and by not requiring Grapevine to refile this action in California transfer will prevent unnecessary delay.

**V.    CONCLUSION**

For the above stated reasons,

**IT IS ORDERED** granting Defendant Educational Ventures, LLC's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** denying **without prejudice** Defendant Educational Ventures, LLC's Motion to Dismiss Plaintiff's Complaint For Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 13).

**IT IS FURTHER ORDERED** transferring this case to the Southern District of California and directing the Clerk to terminate this case.

Dated this 31st day of October, 2022.

Honorable Susan M. Brnovich
United States District Judge

- 7 -